Supreme Court of Pennsylvania
Court of Common Pleas
Civil Cover Sheet
CARBON _____ County

| For Prothonotary Use Only: | FILED |
| Docket No: | NOV 24 AM 10: 28 |

CARBON COUNTY
PROTHONOTARY

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint ☐ Writ of Summons ☐ Petition
☐ Transfer from Another Jurisdiction ☐ Declaration of Taking

| Lead Plaintiff's Name:<br>M.G., a minor, by and through his Parents and Natural Guardians, JOHN DOE 1 and JANE DOE 1, | Lead Defendant's Name:<br>LEHIGHTON AREA SCHOOL DISTRICT |
|---|---|
| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested:<br>(check one) ☐ within arbitration limits<br>☒ outside arbitration limits |
| Is this a *Class Action Suit*? ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney:  Slade H. McLaughlin, Esquire

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (does not include mass tort)
☐ Slander/Libel/Defamation
☐ Other:
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____

**PROFESSIONAL LIABILITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____

**CONTRACT** (do not include Judgments)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____

☐ Employment Dispute:
Discrimination
☐ Employment Dispute: Other

☐ Other:
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
☐ Zoning Board
☐ Other:
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☒ Other:
Hazing

*Updated 1/1/2011*

ALL-STATE LEGAL® Exhibit #1

| Court of Common Pleas of Carbon County | |
|---|---|
| **Civil Cover Sheet** | For Prothonotary Use only (Docket Number) |
| **PLAINTIFF'S NAME:** <br> M.G., a minor, by and through his Parents and Natural Guardians, JOHN DOE 1 and JANE DOE 1 | **DEFENDANT'S NAME:** <br> LEHIGHTON AREA SCHOOL DISTRICT <br><br> **FILED** <br> 2021 NOV 24   AM 10: 28 <br> CARBON COUNTY <br> PROTHONOTARY |
| **PLANTIFF'S ADDRESS & TELEPHONE NUMBER: E** <br> c/o McLaughlin & Lauricella, P.C. <br> 2005 Market Street, Suite 2300 <br> Philadelphia, PA 19103 <br> (215) 568-1510 | **DEFENDANT'S ADDRESS AND TELEPHONE NUMBER:** <br> 1000 Union Street <br> Lehighton, PA 18235 |
| **ADDITIONAL PLAINTIFF'S NAME:** <br> D.W., a minor, by and through his Parents and Natural Guardians, JOHN DOE 2 and JANE DOE 2 | **ADDITIONAL DEFENDANT'S NAME:** <br> LEHIGHTON AREA MIDDLE SCHOOL |
| **ADDITIONAL PLAINTIFF'S ADDRESS/ TELEPHONE NO:** <br> c/o McLaughlin & Lauricella, P.C. <br> 2005 Market Street, Suite 2300 <br> Philadelphia, PA 19103 <br> (215) 568-1510 | **ADDITIONAL DEFENDANT'S ADDRESS /TELEPHONE NO:** <br> 301 Beaver Run Road <br> Lehighton, PA 18235 |
| **ADDITIONAL PLAINTIFF'S NAME:** <br> X.G., a minor, by and through his Parents and Legal Guardians, JOHN DOE 3 and JANE DOE 3 | **ADDITIONAL DEFENDANT'S NAME:** <br> NALESNIK, JACEN |
| **ADDITIONAL PLANTIFF'S ADDRESS/ TELEPHONE NO:** <br> c/o McLaughlin & Lauricella, P.C. <br> 2005 Market Street, Suite 2300 <br> Philadelphia, PA 19103 <br> (215) 568-1510 | **ADDITIONAL DEFENDANT'S ADDRESS /TELEPHONE NO:** <br> 42 Laurel Drive <br> Lehighton, PA 18235 |
| **ADDITIONAL PLAINTIFF'S NAME:** <br> J.P., a minor, by and through his Parents and Natural Guardians, JOHN DOE 4 and JANE DOE 4 | **ADDITIONAL DEFENDANT'S NAME:** <br> MUFFLEY, JASON |
| **ADDITIONAL PLANTIFF'S ADDRESS/ TELEPHONE NO:** <br> c/o McLaughlin & Lauricella, P.C. <br> 2005 Market Street, Suite 2300 <br> Philadelphia, PA 19103 <br> (215) 568-1510 | **ADDITIONAL DEFENDANT'S ADDRESS /TELEPHONE NO:** <br> 174 Birchwood Drive <br> Lehighton, PA 18235 |
| **TOTAL NUMBER OF PLAINTIFFS:**   Indicate the total num of plaintiffs and the total number of defendants in the action. <br> 4 | **TOTAL NUMBER OF DEFENDANTS:**   Indicate the total numbe plaintiffs and the total number of defendants in the action. <br> 4 |
| **STATUTORY BASIS FOR CAUSE OF ACTION** If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be cited <br> 20 U.S.C.A. §1681(C) / 42 U.S.C. §1983 | |
| **RELATED PENDING CASES:** (All previously filed related cases must be identified by docket number, Indicated whether they have been consolidated by Court Order or Stipulation.) <br> None | |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant. Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/APPELLANT'S ATTORNEY: Unrepresented filers must provide their name, address, telephone number and signature.<br><br>McLaughlin & Lauricella, P.C. | ADDRESS<br>One Commerce Square<br>2005 Market Street, Suite 2300<br>Philadelphia, PA 19103 |
|---|---|
| **PHONE NUMBER**<br><br>(215) 568-1510 | **SUPREME COURT IDENTIFICATION NUMBER**<br>36653 | **E-MAIL ADDRESS:**<br>smclaughlin@best-lawyers.com<br><br>**FAX NO. (OPTIONAL — FOR SERVICE): Providing the fax number shall authorize the service of legal papers by facsimile transmission. See Pa.R.CP.440(d)** |

DATE: November 22, 2021          SIGNATURE: /s/ Slade H. McLaughlin

McLAUGHLIN & LAURICELLA, P.C.
Slade H. McLaughlin, Esquire
Attorney I.D. No. 36653
smclaughlin@best-lawyers.com
Paul A. Lauricella, Esquire
Attorney I.D. No. 45768
plauricella@best-lawyers.com
Jessica T. Falkenstein, Esquire
Attorney I.D. No. 326186
jfalkenstein@best-lawyers.com
One Commerce Square, Suite 2300
2005 Market Street
Philadelphia, PA 19103
215-568-1510 (phone)
215-568-4170 (facsimile)
Attorneys for Plaintiff

LAFFEY, BUCCI & KENT, LLP
Gaetano (Guy) D'Andrea
Attorney I.D. No. 209805
gdandrea@lbk-law.com
Brian D. Kent
Attorney I.D. No. 94221
bkent@lbk-law.com
1100 Ludlow Street
Suite 300
Philadelphia, PA 19107
215-399-9255 (phone)
Attorneys for Plaintiff

FILED
NOV 24  AM 10: 28
CARBON COUNTY
PROTHONOTARY

| | | |
|---|---|---|
| M.G., a minor, by and through his Parents and Natural Guardians, JOHN DOE 1 and JANE DOE 1 : c/o McLAUGHLIN & LAURICELLA, P.C 2005 Market Street, Suite 2300 Philadelphia, PA 19103 | § § : § : § : § | CARBON COUNTY COURT OF COMMON PLEAS CIVIL TRIAL DIVISION  NO. |
| and | § : | |
| D.W., a minor, by and through his Parent and Natural Guardian, JOHN DOE 2 c/o McLAUGHLIN & LAURICELLA, P.C. 2005 Market Street, Suite 2300 Philadelphia, PA 19103 | § § : § : | |
| and | § : | |
| X.G., a minor, by and through his Parents and Legal Guardians, JOHN DOE 3 and JANE DOE 3 c/o McLAUGHLIN & LAURICELLA, P.C. 2005 Market Street, Suite 2300 Philadelphia, PA 19103 | § : § : § § : | |
| and | § : | |
| J.P., a minor, by and through his Parents and Natural Guardians, JOHN DOE 4 AND JANE DOE 4 | § : | |

2

c/o McLAUGHLIN & LAURICELLA, P.C.     §
2005 Market Street, Suite 2300         :
Philadelphia, PA 19103                 §
                                       :
            v.                         §
                                       :
LEHIGHTON AREA SCHOOL DISTRICT         §
1000 Union Street                      :
Lehighton, Pennsylvania 18235          §
                                       :
            v.                         §
                                       :
LEHIGHTON AREA MIDDLE SCHOOL           §
301 Beaver Run Road                    :
Lehighton, Pennsylvania 18235          §
                                       :
            v.                         §
                                       :
JACEN NALESNIK                         §
42 Laurel Drive                        :
Lehighton, Pennsylvania 18325          §
                                       :
            v.                         §
                                       :
JASON MUFFLEY                          §
174 Birchwood Drive                    :
Lehighton, Pennsylvania 18325          §

FILED

2021 NOV 24   AM 10: 28

CARBON COUNTY
PROTHONOTARY

## CIVIL ACTION COMPLAINT

### I.   PARTIES

1.    The Minor-Plaintiff, M.G., is a fourteen-year-old male, who resides with his parents and natural guardians, John Doe 1 and Jane Doe 1, in Andreas, Pennsylvania. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of M.G., who is a minor victim of crime, including child sexual abuse, and who incurred injuries and damages of a sensitive nature as a child as a result of the negligent acts and failures of Defendants, as outlined below.

2.      The Guardians of Minor-Plaintiff, M.G. are being identified by pseudonyms in order to protect the health, safety, welfare, and privacy interests of themselves and their minor son. Their identities will be made known to the Defendants by private, non-public communication.

3.      There exists good cause for Minor-Plaintiff, M.G., and his parents to use pseudonyms due to the harmful effect of the public disclosure of the minor's identity and the harm inflicted upon M.G. and his family to date.  Defendants are aware and/or will be made aware of minor-Plaintiff's identity as well as those of his parents and will suffer no prejudice as a result of the redactions in public filings of their identities.

4.      Plaintiff, John Doe 1, is an adult and the parent and natural guardian of the Minor-Plaintiff, M.G., and is a resident of Andreas, Pennsylvania.

5.      Plaintiff, Jane Doe 1, is an adult and the parent and natural guardian of the Minor-Plaintiff, M.G., and is a resident of Andreas, Pennsylvania.

6.      The Minor-Plaintiff, D.W., is a fourteen-year-old male, who resides with his parent and natural guardian, John Doe 2, in Lehighton, Pennsylvania. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of D.W., who is a minor victim of crime, including child sexual abuse, and who incurred injuries and damages of a sensitive nature as a child as a result of the negligent acts and failures of Defendants, as outlined below.

7.      John Doe 2, the Guardian of Minor-Plaintiff, D.W., is being identified by a pseudonym in order to protect the health, safety, welfare, and privacy interests of himself and his minor son.  Their identities will be made known to the Defendants by private, non-public communication.

8.      There exists good cause for Plaintiff, D.W., and his parent to use pseudonyms due to the harmful effect of the public disclosure of his identity and the harm inflicted upon minor

D.W. and his family to date. Defendants are aware and/or will be made aware of minor-Plaintiff's identity as well as that of his parent and will suffer no prejudice as a result of the redactions of their identities in public filings.

9.      Plaintiff, John Doe 2 , is an adult and the parent and natural guardian of the Minor-Plaintiff, D.W., and is a resident of Lehighton, Pennsylvania.

10.     The Minor-Plaintiff, X.G., is a fifteen-year-old male who resides with his parents and legal guardians, John Doe 3 and Jane Doe 3, in Lehighton, Pennsylvania. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of X.G., who is a minor victim of crime, including child sexual abuse, and who incurred injuries and damages of a sensitive nature as a child as a result of the negligent acts and failures of Defendants, as outlined below.

11.     The Guardians of Minor-Plaintiff, X.G., are being identified by pseudonyms to protect the health, safety, welfare, and privacy interests of themselves and their minor son.  Their identities will be made known to the Defendants by private, non-public communication.

12.     There exists good cause for Minor-Plaintiff, X.G., and his parents to use pseudonyms due to the harmful effect of the public disclosure of their identities and the harm inflicted upon minor X.G. and his family to date. Defendants are aware and/or will be made aware of minor-Plaintiff's identity as well as those of his parents and will suffer no prejudice as a result of redactions in public filings of their identities.

13.     Plaintiff, John Doe 3, is an adult and the parent and legal guardian of Minor-Plaintiff, X.G., and is a resident of Lehighton, Pennsylvania.

14.     Plaintiff, Jane Doe 3, is an adult and the parent and legal guardian of the Minor-Plaintiff, X.G., and is a resident of Lehighton, Pennsylvania.

15.    The Minor-Plaintiff, J.P, is a fourteen-year-old male, who resides with his parents and natural guardians, John Doe 4 and Jane Doe 4, in Lansford, Pennsylvania. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of J.P., who is a minor victim of crime, including child sexual abuse, and who incurred injuries and damages of a sensitive nature as a child as a result of the negligent acts and failures of Defendants, as outlined below.

16.    The Guardians of Minor-Plaintiff, J.P., are being identified by pseudonyms to protect the health, safety, welfare, and privacy interests of themselves and their minor son. Their identities will be made known to the Defendants by private, non-public communication.

17.    There exists good cause for Minor-Plaintiff, J.P. and his parents to use pseudonyms due to the harmful effect of the public disclosure of the minor's identity and the harm inflicted upon minor J.P. and his family to date. Defendants are aware and/or will be made aware of minor-Plaintiff's identity as well as those of his parents and will suffer no prejudice as a result redactions in public filings of their identities.

18.    Plaintiff, John Doe 4 is an adult and the parent and natural guardian of the Minor-Plaintiff, J.P., and is a resident of Lansford, Pennsylvania.

19.    Plaintiff, Jane Doe 4, is an adult and the parent and natural guardian of the Minor-Plaintiff, J.P., and is a resident of Lansford, Pennsylvania.

20.    Defendant, Lehighton Area School District (the "School District"), is an educational institution as defined by 20 U.S.C. §1681(c) and a local agency and/or political subdivision of the Commonwealth of Pennsylvania that receives federal funding and financial assistance. Its principal place of business is 1000 Union Street, Lehighton, Pennsylvania 18235.

21.    At all times relevant hereto, Defendant, Lehighton Area School District, owned,

operated, maintained, managed, supervised and/or controlled, through its agents, servants, and employees, the premises known as Lehighton Area Middle School (the "Middle School"), a public middle school located at 301 Beaver Run Road, Lehighton, Pennsylvania 18235.

22. Defendant, Lehighton Area Middle School, is an educational institution as defined by 20 U.S.C. §1681(c) and a local agency and/or political subdivision of the Commonwealth of Pennsylvania that receives federal funding and financial assistance. Its principal place of business is 301 Beaver Run Road, Lehighton, Pennsylvania 18235.

23. Defendant, Jacen Nalesnik, is an adult individual who resides at 42 Laurel Drive, Lehighton, Pennsylvania 18235. At all times relevant, Defendant Nalesnik was employed by the Lehighton Area School District as a teacher and as an assistant coach for the Lehighton Area Middle School football team and was acting under color of state law.

24. Defendant, Jason Muffley, is an adult individual who resides at 174 Birchwood Drive, Lehighton, PA 18235. At all times relevant, Defendant Muffley was employed by the Lehighton Area School District as a teacher and as a coach for the Lehighton Area Middle School football team and was acting under color of state law.

25. Due to their ages, Minor Plaintiffs M.G., D.W., X.G., and J.P, were required by law to attend school. Each of the aforementioned Defendants stood in a position of *loco parentis* relative to all Minor Plaintiffs. Further, all Minor Plaintiffs' parents transferred to Defendants the power to act as their sons' guardians during the school day and in conjunction with school-provided extracurricular activities.

26. During the 2019-2020 school year, M.G., D.W., X.G., and J.P., suffered harm due to the ongoing physical and sexual assaults and the sexually hostile and physically violent environment at Lehighton Area Middle School that was created by each of the Defendants herein

and which the Defendants failed to correct and properly address despite their actual knowledge thereof.

27.     Defendants failed to take appropriate action to protect the Minor Plaintiffs and others from the sexually hostile and physically violent environment that was created by each of the Defendants herein, which the Defendants failed to correct and properly address despite their actual knowledge thereof.

28.     Defendants, Lehighton Area School District and Lehighton Area Middle School, acted individually and through their employees and agents, including, but not limited to, Defendants, Muffley and Nalesnik, each of whom acted with actual or apparent authority and each of whom aided and participated in permitting the physical and sexual assaults of M.G., D.W., X.G., and J.P. and other students by their actions and/or inactions.

29.     Defendants, Lehighton Area School District and Lehighton Area Middle School, and their agents, Muffley and Nalesnik, actually knew about the sexual assaults and were deliberately indifferent to this conduct and exposed students in general, and M.G., D.W., X.G., and J.P. in particular, to a sexually hostile and physically violent environment and to criminal conduct.

30.     Alternatively, Defendants should have been aware of the misconduct and sexual assaults described herein due to their pervasive and/or conspicuous nature for which Plaintiffs assert claims for negligence, negligent supervision, and civil rights violations pursuant to 42 U.S.C.A. Section 1983 and Title IX violations.

31.     Defendants, through their actions and/or inactions described herein, and through a pattern of deliberate indifference, created and permitted a severe, pervasive, and sexually and

physically violent educational environment in violation of Title IX of the Education Amendments of 1972.

32.     At all times relevant, Defendants, Muffley and Nalesnik, were coaches in positions of trust and authority at Lehighton Area Middle School.

33.     The Minor-Plaintiffs' injuries and damages were proximately caused by the negligence, carelessness, and other tortious conduct of the Defendants, acting individual and/or through their respective agents, servants, and employees, as set forth in this Complaint.

## II.   FACTS

34.     In the Fall of 2019, M.G., D.W., X.G., and J.P. were seventh-grade students attending classes at Lehighton Area Middle School.

35.     In the Fall of 2019, M.G., D.W., X.G., and J.P. joined and became members of the Lehighton Area Middle School football team.

36.     The Lehighton Area Middle School football team consisted of seventh grade and eighth grade male students who were attending Lehighton Area Middle School.

37.     At the time M.G., D.W., X.G., and J.P. were members of the Lehighton Area Middle School football team, Defendants, Jacen Nalesnik and Jason Muffley, were the adult coaches for the Lehighton Area Middle School football team.

38.     During the Fall of 2019, the football team held practices at Lehighton Area Middle School following daily school classes.

39.     The seventh and eighth grade members of the football team were directed by Defendants, Lehighton Area School District, Lehighton Area Middle School, Jacen Nalesnik, and Jason Muffley to go to the Lehighton Area Middle School field house prior to practice to, *inter*

*alia*, change into their practice clothes. During this time, the minor football team members were alone in the field house without adult supervision.

40.     While the minor football team members were alone in the field house, eighth and seventh grade members of the team hazed, bullied, and physically and sexually assaulted the seventh-grade members, including, but not limited to, the Minor-Plaintiffs, M.G, D.W., X.G., and J.P. The children were alone because Defendants, Lehighton Area School District and Lehighton Area Middle School, did not have staff supervising and/or monitoring the minors despite knowing that bullying and/or physical and sexual abuse was occurring in the unsupervised field house.

41.     During these times in the field house, M.G, D.W., X.G., and J.P. were sexually abused and physically assaulted by other members of the football team.

42.     The sexual abuse of M.G., D.W., X.G., and J.P. included attempts to sodomize and/or anally penetrate some of the Minor-Plaintiffs with a broomstick.

43.     The sexual abuse of M.G., D.W., and X.G., also included other, mostly older football players on the team placing their bare buttocks/genitalia on the Minor-Plaintiffs' faces.

44.     M.G., D.W., X.G., and J.P. were just four out of multiple seventh grade students who were violently physically hazed and sexually abused by the eighth grade football players.

45.     Upon information and belief, many of these acts were captured by eighth grade members of the football team on video cell-phone recordings which were widely distributed to other students at the Lehighton Area Middle School.

46.     Bruises inflicted upon M.G., D.W., X.G., and J.P., and other students were readily observable to the Defendant Coach and the Defendant Assistant Coach and should have alerted them to the on-going assaults.

47.     In the Autumn of 2019, Defendants, Nalesnik and Muffley, were alerted by X.G. to the acts of violence conducted in the field house and took no action other than simply telling the football team members to stop the "horseplay."

48.     Defendants, having been alerted to the acts of violence in the field house, were deliberately indifferent to the safety of the students, took no corrective or remedial action, and continued to leave the students unsupervised, allowing additional assaults and batteries to occur, including continued physical and sexual assaults of M.G., D.W., X.G., and J.P.

49.     Defendants, Nalesnik and Muffley, who were informed that inappropriate acts were happening in the field house knew, or should have known, that inappropriate sexual conduct and acts of violent physical hazing were taking place between members of the football team.

50.     As set forth in this Complaint, Defendants, Nalesnik, Muffley, Lehighton Area Middle School, and Lehighton Area School District, failed to fulfill their legal duty to provide a reasonably safe environment for students left in their custody, care, and/or control.

51.     Rather than taking any appropriate steps to control, supervise, and discipline the students who engaged in the physical and sexual assaults, Defendants allowed the students to remain unsupervised, creating a hostile and violent environment, which contributed to further sexual and physical assaults.

52.     As a direct and proximate result of the conduct described hereinabove, Minor-Plaintiffs, M.G., D.W., X.G., and J.P., suffered physical injuries, and have suffered, and will continue to suffer, psychological and emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life.

53.     As a further direct and proximate result of the conduct described hereinabove, the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., were prevented from engaging in their customary

daily routines, had their educational pursuits negatively affected, and incurred, and will continue to incur, expenses for medical and psychological treatment, therapy, and counseling.

## III.   CAUSES OF ACTION

### COUNT I
### VIOLATIONS PURSUANT TO 20 U.S.C.A. §1681(C), TITLE IX
### M.G., D.W., X.G., AND J.P. v. ALL DEFENDANTS

54.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

55.     Plaintiffs assert that the Defendants violated the requirements of Title IX by the following acts and omissions, all of which were conducted and/or failed to be conducted in reckless and deliberate indifference to the rights of Plaintiffs guaranteed by Title IX and in reckless and deliberate indifference to the risk of harm posed to Plaintiffs:

a.     Failing to have in place and/or implement and/or enforce an explicit policy regarding supervision of students in the field house during football practice;

b.     Failing to have in place policies designed for the early detection of abused children;

c.     Failing to adequately investigate allegations of inappropriate behavior occurring between members of the football team;

d.     Failing to appoint and designate a Title IX Coordinator to investigate complaints of physical and sexual abuse and misconduct;

e.     Failing to communicate to parents the identity of the Title IX Coordinator, as required by 34 C.F.R. §106.8(a);

f.     Discouraging students and parents from complaining about the sexual assaults and violent environment described in this Complaint;

g.     Failing to take immediate and appropriate corrective actions to remedy the sexually violent environment in the field house;

h.     Failing to conduct a reasonably diligent inquiry into complaints of misconduct in the field house;

i.   Failing to adequately supervise members of the football team when Defendants knew and/or should have known of sexual and physically violent acts being committed in the field house;

j.   Failing to properly and adequately train staff members regarding Title IX requirements;

k.   Failing to properly train, supervise, and/or mentor Defendants, Nalesnik and Muffley;

l.   Creating, through inaction and through affirmative acts designed to conceal, a sexually and physically violent educational environment;

m.   Failing to supervise students in the field house after receiving complaints regarding misconduct among members of the football team;

n.   Failing to properly train and instruct the coaches and employees;

o.   Failing to prohibit, restrict, and/or limit the activities of employees who allowed abuse/hazing and/or failed to report same;

p.   Failing to have in place standards of acceptable and unacceptable conduct;

q.   Failing to designate competent investigators to evaluate complaints of abuse;

r.   Creating an environment that facilitated abuse on Plaintiffs;

s.   Failing to adopt, enforce and/or follow policies and procedures to protect minors against harmful influence and contact by employees, participants, and/or other students/children;

t.   Failing to provide Plaintiffs with any assistance in coping with the injuries sustained;

u.   Failing to warn Plaintiffs of the risk of harm that Plaintiffs may suffer as a result of further contact with employees, participants, and other students who either allowed the abuse to occur and/or inflicted the abuse;

    v.    Failing to prevent the repeated and continued abuse that was committed on Plaintiffs; and

    w.    Negligently managing and/or operating the Lehighton Area School District and Lehighton Area Middle School.

56.    Defendants, Nalesnik and Muffley, engaged in actions and/or omissions that amounted to reckless indifference and affirmative acquiescence toward the eighth-grade football team members' physical and sexual abuse of seventh grade members, including, but not limited to:

    a.    Failing to adequately investigate allegations of inappropriate behavior occurring between members of the football team;

    b.    Failing to promulgate and enforce rules, regulations, policies, and procedures regarding acceptable conduct in the locker room, and prohibiting physical or sexual abuse, hazing, or other such inappropriate behavior/conduct in the locker room or anywhere else the team congregated;

    c.    Failing to adequately supervise members of the football team;

    d.    Failing to remedy the eighth grade Defendants' misconduct with regard to other members of the football team, including M.G., D.W., X.G., and J.P..;

    e.    Ignoring complaints regarding misconduct among members of the football team; and

    f.    Affirmatively covering up sexual misconduct and hazing among members of the football team.

57.    As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have suffered various injuries, including, but not limited to: physical pain, bruising, threats of and/or actual, painful attempts at anal penetration with a broom stick, embarrassment, humiliation, anxiety, depressed mood, and other psychological and physiological injuries, emotional distress, and mental anguish, likely necessitating lifelong therapy.

58.     As a result of the above-described incident, M.G., D.W., X.G., and J.P. have incurred in the past, and will in the future continue to incur, physical and emotional pain and suffering and bodily impairment.

59.     As a direct result of the aforesaid incident, M.G., D.W., X.G., and J.P. have been unable to attend to their normal duties and activities, as before these incidents, and have sustained a diminution in the ability to enjoy life and life's pleasures.

60.     Because the extent Minor-Plaintiffs' injuries are not yet fully known, Plaintiffs reserve the right to supplement this averment in accordance with the Rules of Civil Procedure.

**WHEREFORE**, Plaintiffs demand compensatory and punitive damages against the Defendants, individually and jointly, in an amount in excess of fifty thousand ($50,000) dollars, together with interest and damages for pre-judgment and post-judgment delay.

## COUNT II
### 42 U.S.C. §1983
### M.G., D.W., X.G., AND J.P. v. ALL DEFENDANTS

61.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

62.     Defendants acted under color of law when they engaged in the conduct described in this Complaint.

63.     Defendants were deliberately indifferent to a known risk of physical and sexual assault by students who were unsupervised and/or inadequately supervised while entrusted to Defendants' custody.

64.     As public or governmental entities and/or as public or government officials, Defendants are responsible for "state created danger," for which Plaintiffs state a claim against Defendants for violation of Minor-Plaintiffs' civil rights pursuant to 42 U.S.C.A. §1983.

65.     As a direct and proximate result of Defendants' actions and inactions, as described herein, Minor-Plaintiffs were caused to suffer the physical and emotional injuries described elsewhere in this Complaint.

**WHEREFORE,** Plaintiffs demand compensatory and punitive damages against the Defendants, individually and jointly, in an amount in excess of fifty thousand ($50,000) dollars, together with interest and damages for pre-judgment and post-judgment delay.

**COUNT III**
**NEGLIGENCE/CARELESSNESS/RECKLESSNESS**
**M.G., D.W., X.G., AND J.P. v. ALL DEFENDANTS**

66.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

67.     Defendants, Lehighton Area School District and Lehighton Area Middle School, by and through their agents, servants, and/or employees, had a duty to exercise the highest degree of care for the students in their custody and control, and to protect those students from sexual assault and sexual abuse.

68.     Defendants, Lehighton Area School District and Lehighton Area Middle School, by and through their agents, servants, and/or employees, failed in this duty, and were negligent, careless, and/or reckless in the following respects:

      a.    failing to properly train their staff and personnel to protect against the risk of sexual assault and sexual abuse of students;

      b.    negligently hiring and retaining Defendants, Nalesnik and Muffley;

      c.    inadequately supervising the football team in the field house while entrusted with the care and supervision of M.G., D.W., X.G., and J.P.;

      d.    failure to supervise and monitor activities in the field house after being alerted to complaints of improper physical contact in the field house;

  e. failing to protect the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., from sexual abuse by other student members of the football team;

  f. failing to prevent the sexual abuse of the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., by other members of the football team;

  g. failing to train school employees and athletic coaches to identify, stop, and/or report inappropriate student behavior, including bullying, hazing, and physical/sexual violence;

  h. failing to intervene to prevent the sexual abuse of the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., by other student members of the football team despite actual and/or constructive knowledge of the on-going acts of abuse; and

  i. vicarious liability, including reckless conduct, for the errors and omissions of Nalesnik and Muffley during the relevant time period.

69. Defendants, Nalesnik and Muffley, failed to properly protect Plaintiffs from physical/sexual abuse and were negligent, careless, and/or reckless in the following respects:

  a. failure to supervise and monitor activities in the field house after being alerted to complaints of improper physical contact in the field house;

  b. failing to protect the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., from sexual abuse by other student members of the football team;

  c. failing to supervise and/or monitor the field house after being alerted to improper physical conduct by senior members of the football team;

  d. failing to prevent the physical/sexual abuse of the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., by other members of the football team;

  e. failing to identify, stop, and/or report inappropriate student behavior;

  f. failing to intervene in the sexual abuse of the Minor-Plaintiffs, M.G., D.W., X.G., and J.P., by other student members of the football team despite actual and/or constructive knowledge of the on-going acts of abuse; and

70. In addition to the direct claims against Lehighton Area School District and Lehighton Area Middle School, said Defendants are vicariously liable to Plaintiffs for injuries

sustained as a result of negligence, gross negligence, outrageous conduct, and/or reckless misconduct, as described above, of persons or entities whose conduct was under their control, or right to control and whose conduct directly and proximately caused Plaintiffs' injuries. Moreover, Defendants, Lehighton Area School District and Lehighton Area Middle School, ratified the actions of employees including, but not limited to, Jacen Nalesnik and Jason Muffley, thereby making Defendants, Lehighton Area School District and Lehighton Area Middle School, vicariously liable for those acts.

71.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, the Minor-Plaintiffs suffered the injuries described more fully elsewhere in this Complaint.

**WHEREFORE**, Plaintiffs demand compensatory and punitive damages against the Defendants, individually and jointly, for an amount in excess of fifty thousand ($50,000) dollars, together with interest and damages for pre-judgment and post-judgment delay.

McLAUGHLIN & LAURICELLA, P.C.

/s/ *Slade H. McLaughlin*

SLADE H. McLAUGHLIN, ESQUIRE
PAUL A. LAURICELLA, ESQUIRE
JESSICA T. FALKENSTEIN, ESQUIRE
Co-Counsel for Plaintiff

LAFFEY BUCCI & KENT, LLP

/s/ *Gaetano D'Andrea*

GAETANO D'ANDREA, ESQUIRE
BRIAN KENT, ESQUIRE
Co-Counsel for Plaintiff

## VERIFICATION

I, Slade H. McLaughlin, Esquire, hereby depose and state that I am the attorney for the Plaintiffs in the action herein, that I have reviewed the foregoing Civil Action Complaint, and that the facts contained therein are true and correct to the best of my information and belief. I understand that the statements made herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

Dated: 11/22/21                           BY:   /s/ Slade H. McLaughlin
                                                SLADE H. McLAUGHLIN
                                                Attorney for Plaintiffs